Michelle D. Sinnott (AK Bar No. 1506049)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA
121 W. Fireweed Ln., Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
msinnott@trustees.org
bbrisson@trustees.org

*Attorneys for Plaintiffs*

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, *et al*., <br><br> Plaintiffs, <br> v. <br><br><br> U.S. ARMY CORPS OF ENGINEERS, *et al*., <br><br> Defendants. | Case No. 3:26-cv-00272-ACP |

**DECLARATION OF MICHELLE D. SINNOTT**

I, Michelle D. Sinnott, declare as follows:

1. I am a Senior Staff Attorney at Trustees for Alaska, a nonprofit public interest law firm. I represent Plaintiffs, Friends of Alaska National Wildlife Refuges, Alaska Wilderness League, National Wildlife Refuge Association, Sierra Club, and Wilderness Watch, in the above-captioned case. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify to them.

2. The U.S. Department of the Interior and the King Cove Corporation entered into a land exchange agreement to exchange lands in the Izembek National Wildlife Refuge and Wilderness on October 21, 2025, and signed title documents executing the land exchange on October 22, 2025.

3. Following execution of the land exchange agreement and title documents, the Alaska Department of Transportation and Facilities (AKDOT) applied to the U.S. Army Corps of Engineers (Corps) for a permit under Section 404 of the Clean Water Act (CWA) to fill wetlands to construct a road connecting the communities of King Cove and Cold Bay.

4. The permit application was issued for public notice and comment on December 12, 2025, and the comment period closed on January 12, 2026.

5. On May 11, 2026, I contacted counsel for AKDOT to inquire about the status of the permit and the potential date for the start of construction. Counsel for AKDOT informed me that the timing was unclear, but the agency was discussing that a permit from the Corps was possible by the end of June 2026.

6. Based on this information, on May 12, 2026, I again contacted counsel for AKDOT and asked if they would be willing to agree not to commence construction before August 1. Counsel for AKDOT said no to that request because with timing unclear, the state agency was not willing to make any binding commitments.

7. The next day, on May 13, 2026, AKDOT published a notification on its procurement and contracting website that it anticipated advertising an invitation to bid on the Izembek road construction project in July 2026, indicating a possible construction

*Friends of Alaska Nat'l Wildlife Refuges, v. U.S. Army Corps of Engr's,*
Case No. 3:26-cv-00272-ACP
Page 2

start date in August 2026. As a result, Plaintiffs filed a motion for a decision by July 15 on their pending motion for summary judgment in their related lawsuit challenging the land exchange agreement, *Friends of Alaska National Wildlife Refuges v. Burgum*, Case No. 3:25-cv-00318-SLG (D. Alaska, May 21, 2026) ECF No. 32.

8.　　　AKDOT responded to that motion, representing that no facts supported the timelines in Plaintiffs' motion and thus, nothing warranted the request for a decision by July 15, 2026. *Friends of Alaska National Wildlife Refuges v. Burgum*, Case No. 3:25-cv-00318-SLG (D. Alaska, June 4, 2026) ECF No. 33.

9.　　　On July 9, 2026, the Corps issued the permit authorizing construction of a road within Izembek.

10.　　That same day, I emailed counsel for AKDOT to ask about the construction schedule and contractor procurement process. Ex. 1

11.　　Counsel for AKDOT responded, to share a copy of the permit. Counsel also stated that AKDOT's "immediate plans are to make preparations to mobilize equipment and supplies to King Cove, and road construction from the beginning point of the project should commenced in approximately 30 days." *Id*. This same information was submitted to the court in the related lawsuit challenging the land exchange agreement, *Friends of Alaska National Wildlife Refuges v. Burgum*, Case No. 3:25-cv-00318-SLG (D. Alaska July 17, 2026), ECF No. 39.

12.　　Plaintiffs filed their complaint challenging the Corps' decision and permit on July 22, 2026. ECF No. 1.

*Friends of Alaska Nat'l Wildlife Refuges, v. U.S. Army Corps of Engr's*,
Case No. 3:26-cv-00272-ACP　　　　　　　　　　　　　　　　　　　　　　Page 3
Case 3:26-cv-00272-ACP　　　Document 9-1　　　Filed 07/24/26　　　Page 3 of 7

13.     Based on representations made in the context of the related land exchange litigation, construction activities are anticipated to begin on September 1, 2026. *Friends of Alaska National Wildlife Refuges v. Burgum*, Case No. 3:25-cv-00318-SLG (D. Alaska July 24, 2026), ECF No. 43. Counsel for the parties in this case met and conferred in a good faith effort to try to eliminate the need for Plaintiffs to seek a temporary restraining order and preliminary injunction. We could not reach an agreement.

14.     The Defendants counsel stated they do not oppose the motion to expedite requesting a decision from this Court on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction by August 31, 2026.

15.     Because activities under the Permit would begin on September 1, 2026, Plaintiffs respectfully seek a ruling on the motion for a temporary restraining order and preliminary injunction by no later than August 31, 2026.

16.     I certify, consistent with the requirements of Local Civil Rule 7.3(a), that I have made a good faith effort to resolve with opposing counsel the issues raised in seeking preliminary relief, but have been unable to do so.

17.     I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct to the best of my knowledge.

Executed this this 24th day of July, 2026, in Anchorage, Alaska.

s/ Michelle Sinnott
Michelle Sinnott

*Friends of Alaska Nat'l Wildlife Refuges, v. U.S. Army Corps of Engr's,*
Case No. 3:26-cv-00272-ACP                                                      Page 4
Case 3:26-cv-00272-ACP     Document 9-1     Filed 07/24/26     Page 4 of 7

 Outlook

## Re: Izembek - Clean Water Act permit issuance

**From** Lynch, Sean P (LAW) <sean.lynch@alaska.gov>

**Date** Thu 7/9/2026 6:12 PM

**To** Michelle Sinnott <msinnott@trustees.org>

**Cc** Turner, Rickey (ENRD) <rickey.turner@usdoj.gov>; Jf Clark <jfclarkiii@gmail.com>; Brook Brisson <bbrisson@trustees.org>; Rebecca Noblin <rnoblin@biologicaldiversity.org>; Marlee Goska <mgoska@biologicaldiversity.org>; Daniel Franz <dfranz@defenders.org>; Jane Davenport <jdavenport@defenders.org>; Kate Kane <kkane@defenders.org>; Jennifer (ENRD)" <Jennifer.Sundook@usdoj.gov>; Sawyer, Michael (ENRD) <michael.sawyer@usdoj.gov>; Angell, Sarah E (LAW) <sarah.angell@alaska.gov>

📎 1 attachment (12 MB)
POA-2010-00286_20260709_permit_fully_signed.pdf;

Hi Michelle,

You heard correctly, the U.S. Army Corps of Engineers issued the Clean Water Act Section 404 permit to the Alaska Department of Transportation and Public Facilities today, July 9, 2026. The permit is attached. You asked about DOT&PF's construction plans for this season. DOT&PF's immediate plans are to make preparations to mobilize equipment and supplies to King Cove, and road construction from the beginning point of the project should commence in approximately 30 days. However, notably, no road construction activities planned for the 2026 construction season will occur within the lands subject to the exchange litigation.  As agreed to in footnote 3 of the *Unopposed Motion Seeking Leave of the Obligation to File an Answer and Contingent Joint Motion to Adopt Proposed Case Management Order* in each of the three cases (3:25-cv-00316-SLG, at ECF no 9; 3:25-cv-00318-SLG, at ECF no 11; and 3:25-cv-00319-SLG, at ECF no 18), the State hereby fulfills any obligation by King Cove Corporation to provide 30-day advance notice of road construction (though all planned construction will occur outside lands subject to the exchange litigation).

You asked about DOT&PF's bid schedule and the removal of the project from the tentative advertisement list.  KCC and the Agdaagux Tribe requested DOT&PF's assistance in delivery of this project as a local workforce development project, and DOT&PF has been focusing its efforts in that direction. The planned construction is funded by prior State appropriations, so the STIP amendment currently in progress will not affect the construction schedule.

Thank you,

Sean

Sean Lynch
Chief Assistant Attorney General
Transportation Section
(907) 465-6712
sean.lynch@alaska.gov

Ex. 1, page 1 of 3

**From:** Michelle Sinnott <msinnott@trustees.org>
**Sent:** Thursday, July 9, 2026 2:57 PM
**To:** Jf Clark <jfclarkiii@gmail.com>; Lynch, Sean P (LAW) <sean.lynch@alaska.gov>; Sawyer, Michael (ENRD) <michael.sawyer@usdoj.gov>; Angell, Sarah E (LAW) <sarah.angell@alaska.gov>; Turner, Rickey (ENRD) <rickey.turner@usdoj.gov>; Jennifer (ENRD)" <Jennifer.Sundook@usdoj.gov>
**Cc:** Brook Brisson <bbrisson@trustees.org>; Rebecca Noblin <rnoblin@biologicaldiversity.org>; Marlee Goska <mgoska@biologicaldiversity.org>; Daniel Franz <dfranz@defenders.org>; Jane Davenport <jdavenport@defenders.org>; Kate Kane <kkane@defenders.org>
**Subject:** Izembek - Clean Water Act permit issuance

> **CAUTION:** This email originated from outside the State of Alaska mail system. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi all,

We have learned that the Army Corp issued a Clean Water Act permit to the Alaska Department of Transportation today. Sean, are you able to share all the decision documents as promised?

Now that this permit has been issued, are Defendants able to share (1) construction timelines, including for stagging of materials, (2) timelines for when the project will be put out to bid, (3) how these timelines will be impacted by the STIP amendment currently out for public comment, and (4) why was the project removed from the Department of Transportation's tentative advertising page and what are the implications of that removal?

For any timelines provided, can you specify if they apply for construction of the entire road or if there is a distinction between construction on the exchanged lands vs. lands previously conveyed to KCC?

Even if Defendants are unable to answer these questions immediately, we believe this information would be helpful for the Court, especially since we continue to think it is in everyone's interest to have resolution in this land exchange case before construction begins.

Thank you,

Michelle

**Michelle Sinnott (she/her)**
Staff Attorney
Trustees for Alaska
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
(907) 433-2005
www.trustees.org



The information contained in this email message may be privileged, confidential, and protected from disclosure.  If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.  If you have received this message in error, please destroy all copies of it and email the sender at msinnott@trustees.org.

Ex. 1, page 2 of 3

Ex. 1, page 3 of 3