**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| FRIENDS OF ALASKA NATIONAL WILDLIFE REFUGES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants,<br><br>KING COVE CORPORATION, and CITY OF KING COVE.<br><br>Defendant-Intervenors. | 3:26-cv-00272-ACP<br><br>**ORDER GRANTING INTERVENTION**<br>[Dkt. 17] |

The State of Alaska applied for a federal permit necessary to build a road from King Cove to Cold Bay. (Dkt. 1) The permit was granted, and the Plaintiffs challenged the permitting decision (Dkt. 1) As the permit holder, Alaska moved to intervene. (Dkt. 17)

The Plaintiffs do not oppose intervention with certain conditions. (Dkt. 23) Mainly, the Plaintiffs want advance notice of changes to the timeline for constructing the road from King Cove to Cold Bay. (Dkt. 23) The Federal Defendants do not take a position on intervention. (Dkt. 17 at 2) And the King Cove Intervenors support intervention. (Dkt. 17 at 2)

The motion to intervene is **GRANTED** under Federal Rule of Civil Procedure 24. The intervenors shall file a clean copy of their proposed answer to the complaint as soon as practicable. Alaska shall provide the Court and parties with prompt notice of any

substantial changes to the road construction schedule so that decisions in this case can be made based on accurate information. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 n.2 (1987) (Brennan, J., concurring) (contemplating conditions on intervenors); Advisory Committee Notes on Fed. R. Civ. P. 24 ("An intervention of right under the amended [Rule] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings.").

Alaska's complaints about this condition are misplaced. First, the condition is not "insufficiently clear to be enforceable" or overly "burdensome." (Dkt. 24 at 2) Alaska shall provide prompt notice of changes to (1) the overall commencement date for road construction and (2) the commencement date for activity that is contingent on the Clean Water Act permit at issue in this case. If there are no changes to these dates, as Alaska seems to anticipate, complying with this order will impose virtually no burden. (Dkt. 24 at 3) And if the construction timeline changes, Alaska need only file a short notice explaining the change. The fact that another litigant willingly agreed to this condition suggests that the request is not overly burdensome. Indeed, Alaska itself has provided construction updates in other cases about the road at issue here.[1]

Second, the road construction schedule is not "irrelevant" or "outside the ambit of this case." (Dkt. 24 at 3) The Plaintiffs moved for a preliminary injunction on an expedited basis to stop any groundbreaking activities. (Dkt. 8; Dkt. 9) When reviewing a motion of

---

[1] 3:25-cv-00316-SLG at Docket at Docket 43, 3:25-cv-00318 SLG at Docket 43; 3:25-cv-00319-SLG at Docket 50.

that nature, Local Rule 16.3 does not require the Court to ignore all evidence outside the administrative record.

- Alaska's motion to intervene is **GRANTED** subject to the conditions in this Order.
- The request to impose conditions other than those in this order is **DENIED**.

IT IS SO ORDERED.

DATED August 17, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge